United States District Court
Southern District of Texas
FILED

## THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

JAN − 7 2015

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CRIMINAL NO.** **15-015** |
| | § | |
| | § | 21 U.S.C. § 841  Distribution of Narcotics |
| | § | 18 U.S.C. § 371  Conspiracy |
| **DAVID D. DEVIDO, R.Ph.** | § | 18 U.S.C. § 1341 Mail Fraud |
| **RICHARD ARTHUR EVANS, M.D.** | § | 18 U.S.C. § 1347 Health Care Fraud |
| | § | 18 U.S.C. § 1957 Money Laundering |
| | § | |
| | § | **FILED UNDER SEAL** |

## INDICTMENT

**THE GRAND JURY CHARGES:**

**COUNT ONE**
**(Conspiracy)**
**(18 U.S.C. § 371)**

**Sealed**
Public and unofficial staff access
to this instrument are
prohibited by court order.

### I. INTRODUCTION

At all times material to this indictment:

#### Defendants

1.    **DAVID D. DEVIDO, R.Ph.** was a registered pharmacist duly licensed by the Texas

State Board of Pharmacy on or about June 2, 1964, under license number 16543.

2.    **RICHARD  ARTHUR EVANS, M.D.,** was a physician duly licensed by the Texas

State Board of Medicine on or about January 18, 1975, under license number E3816.  He was

registered  with  the  U.S.  Drug  Enforcement  Administration  under  registration  number

AE6631394.  He engaged in the practice of medicine at 1011 Augusta Street, Suites 101 & 210,

Houston, Texas 77057.

1

## Business Organizations

3.   **BRIARGROVE PHARMACY** was a pharmacy independently owned and operated by **DAVID D. DEVIDO, R.Ph.** and his wife.  The pharmacy was registered with the Texas State Board of Pharmacy on or about January, 7, 2002.  **BRIARGROVE PHARMACY** was registered with the U.S. Drug Enforcement Administration under registration no. BB7675400. The pharmacy was incorporated in the State of Texas, and **DAVID D. DEVIDO, R.Ph.** was the registered agent.  The pharmacy employed other pharmacists and employees and was located at 6435 San Felipe Road, Houston, Texas 77057.

4.   **RICHARD ARTHUR EVANS, M.D.** was originally engaged primarily in the medical practice of Oncology.  He later practiced medicine with Winrock Clinic and New Haven Clinic, both in Houston.  In about 2010, Dr. Evans opened his private medical practice almost exclusively dedicated to Pain Management. Although Dr. Evans dedicated his practice primarily to Pain Management, his office did not obtain a Pain Management Certificate from the Texas State Board of Medicine. Dr. Evans employed various employees in his office including a Nurse, Medical Assistants, a Massage Therapist, and others to conduct medical procedures, medical billing, and administrative matters.

## Narcotics

6.   **OXYCODONE HYDROCODONE (HCL)**, was a semi-synthetic opioid synthesized from poppy-derived thebaine, a narcotic which requires a prescription, and is prescribed by physicians as an analgesic for moderate to severe pain.  It is known to be highly abused, and was sold under various brand names, including but not limited to OxyContin,

Roxicodone, and Percocet. Oxycodone hydrochloride was listed as a Schedule II Controlled Substance by the U.S. Drug Enforcement Administration.

7.     **HYDROCODONE HYDROCHLORIDE (HCL)**   was a semi-synthetic opioid derived from codeine, a narcotic which requires a prescription, prescribed by physicians as an analgesic to treat moderate to severe pain, and prescribed as an antitussive (cough medicine), often in combination with paracetamol (acetaminophen) or ibuprofen.  It is known to be highly abused, and was sold under various brand names, including but not limited to Vicoden, Loracet, Lortab and Norco. Hydrocodone hydrochloride was listed as a Schedule III controlled substance by the U.S. Drug Enforcement Administration until October, 2014, when it was changed to a Schedule II controlled substance.

## II. THE CONSPIRACY

8.     From on or before January 1, 2008 and continuing to on or about December 31, 2013, in the Houston Division of the Southern District of Texas, and elsewhere,

**DAVID D. DEVIDO, R.Ph., and RICHARD ARTHUR EVANS, M.D.,**

defendants herein, did knowingly and intentionally combine, conspire, confederate and agree with each other and others known and unknown to the Grand  Jury to commit offenses against the United States, that is;

(1) to knowing distribute controlled substances, to-wit: oxycodone hydrochloride, a Schedule II controlled substance and other controlled substances, outside the course of professional practice and not for a legitimate medical purpose, in violation of Title 21 U.S.C. Section 841; and,

(2) to knowingly devise and intend to devise a scheme and artifice to defraud and for obtaining money by means of material false and fraudulent pretenses, representations,

3

and promises, and for the purpose of executing said scheme and artifice, and attempting to do so, placed and caused to be placed in a post office or authorized depository for mail matter, and did receive through the U.S. mail and private carrier, any matter or thing to be sent and delivered by the United States Postal Service, or other private mail carrier, in violation of Title 18, United States Code, Section 1341.

## III. OBJECT OF THE CONSPIRACY

9.      It was the object of the conspiracy to distribute Schedule II controlled substances and other controlled substances, including but not limited to oxycodone hydrochloride, by writing prescriptions and dispensing drugs by using the U.S. mail and by other means, outside the course of professional practice and not for a legitimate medical purpose, and for monetary gain.

## IV.  MANNER AND MEANS OF THE CONSPIRACY

10.      It was a part of the conspiracy that Defendant **Richard Arthur Evans, M.D.**, would and did write prescriptions for patients purportedly for "pain management" using prescription drugs, to-wit; oxycodone hydrochloride products, and hydrocodone hydrochloride products, Schedule II and Schedule III controlled substances, respectively, and various other drugs.

11.      It was further part of the conspiracy that Defendant **David Devido, R. Ph**. and other pharmacists at Briargrove Pharmacy would and did fill and dispense huge amounts of prescriptions written by **Richard Arthur Evans, M.D.** for oxycodone hydrochloride products and other prescription drugs.

12.      It was further part of the conspiracy that Defendant **Richard Arthur Evans, M.D.** would and did charge patients approximately $200-$300 for an initial office visit.

4

13.     It was further part of the conspiracy that **Richard Arthur Evans, M.D.** would and did write prescriptions after performing minimal or no medical examination of alleged patients.

14.     It was further part of the conspiracy that Defendant **Richard Arthur Evans, M.D.** and his staff would and did instruct patients, that 30 days after their first office visit, they could send cash, checks, or money order through the mail for approximately $200-$240 as payment for their second office visit. **Richard Arthur Evans, M.D.** would then issue a new or additional prescription for oxycodone products without an actual office visit.

15.     It was further part of the conspiracy that Defendant Richard Evans and his staff would and did instruct patients, that 60 days after their first office visit, they could send cash, checks, or money order through the mail for approximately $200-$240 as payment for their third office visit. **Richard Arthur Evans, M.D.** would then issue a new or additional prescription for oxycodone products without an actual office visit.

16.     It was further part of the conspiracy that Defendant **Richard Arthur Evans, M.D.** and his staff would and did direct many patients to Briargrove Pharmacy to have prescriptions filled for oxycodone products.

17.     It was further part of the conspiracy that Defendant **Richard Arthur Evans, M.D.** would and did treat and prescribe huge dosages of oxycodone and hydrocodone products for alleged patients who lived in Texas, Louisiana, and other states.

18.     It was further part of the conspiracy that Defendant **David D. Devido, R.Ph.** and other pharmacists at Briargrove Pharmacy would and did dispense controlled substances and other drugs to patients in Louisiana and other states by using the U.S. mail and private mail carriers such as FedEx.

19.     It was further part of the conspiracy that Defendant **David D. Devido, R.Ph.** and his staff at Briargrove Pharmacy would and did receive payment for oxycodone products in three (3) ways: (a) pharmacy staff contacted patients by telephone for credit card information; (b) the pharmacy received cash, checks, and money orders through the mail from patients, and (c) staff from the office of **Richard Arthur Evans, M.D.** delivered written prescriptions with payments to Briargrove Pharmacy.

20.     It was further a part of the conspiracy that between about January 1, 2010 and December 31, 2013, Defendant **Richard Arthur Evans, M.D.** did prescribe, and Defendant **David D. Devido, R.Ph.** did dispense approximately 1,564,912 dosage units of oxycodone products 30mg.; 132,933 dosage units of oxycodone products, 15mg.; 77,138 dosage units of hydrocodone 10/325mg.; 227,512 dosage units of hydrocodone 10/500mg.; and 78,895 dosage units of hydrocodone 10/650mg.

## OVERT ACTS

21.     On or about the dates listed below, in the Southern District of Texas and elsewhere, the defendants committed and caused to be committed the following overt acts in furtherance of the conspiracy and to accomplish the object thereof in the Southern District of Texas and elsewhere:

| No. | Date | Overt Act |
|---|---|---|
| 1. | June 29, 2011 | **Richard Arthur Evans, M.D.** provided a prescription for S. C. |
| 2. | April 4, 2012 | T. D. sent a letter to **Richard Arthur Evans, M.D.** |
| 3. | April 4, 2012 | T. S. sent a letter to **Richard Arthur Evans, M.D.** |

## COUNTS TWO THROUGH SEVEN
### (Distribution of Narcotics)
### (21 U.S.C. §§ 841 and 2)

22.    On or about the dates listed below, in the Houston Division of the Southern District of Texas, and within the jurisdiction of this court,

**DAVID D. DEVIDO, R.Ph., and RICHARD ARTHUR EVANS, M.D.,**

defendants herein, aided and abetted by each other, did knowingly and intentionally distribute and intend to distribute, a Schedule II controlled substance, to-wit; oxycodone hydrochloride products, outside the course of professional practice and not for a legitimate medical purpose, as further described by the dates, initials of persons known to the Grand Jury, and drug strength, listed below:

| COUNT | DATE | PATIENT | DRUG | PRECRIPTION |
|---|---|---|---|---|
| 2 | June 21, 2011 | M. W. | Oxycodone15 & 30mg | 159472;159473 |
| 3 | Aug. 1-3, 2011 | S. C. | Oxycodone 30mg | 167338 |
| 4 | Nov. 1-3, 2011 | K. R. | Oxycodone 30mg | 1010173 |
| 5 | Nov. 30 -Dec 2, 2011 | K. R. | Oxycodone 30mg | 1015968 |
| 6 | Jan.11-12, 2012 | A. D. | Oxycodone15& 30mg | 1024919;1024956 |
| 7 | Sept.11-12, 2012 | S. R. | Oxycodone 30mg | 1075770 |

## COUNTS EIGHT THROUGH ELEVEN
### (Mail Fraud)
### (18 U.S.C. §§ 1341 and 2)

### I. INTRODUCTION

23.    The United States Attorney hereby adopts, re-alleges and incorporates by reference herein all the allegations set forth in Paragraphs 1 through 20 of Count One of this Indictment.

### II. THE SCHEME AND ARTIFICE TO DEFRAUD

24.    From on or about January 1, 2008, and continuing through about December 31, 2013, in the Southern District of Texas, and elsewhere,

**DAVID DEVIDO, R.Ph., and RICHARD ARTHUR EVANS, M.D.,**

defendants herein, aided and abetted by each other, did knowingly devise and intend to devise a scheme and artifice to defraud and for obtaining money and property from others by means of materially false and fraudulent material pretenses, representations and promises.

### III. MANNER AND MEANS OF THE SCHEME TO DEFRAUD

25.    Among the manner and means by which the defendant sought to accomplish and did accomplish the purpose of the scheme to defraud were the acts set forth in Paragraphs 1 through 20 of Count One of the Indictment, which are hereby re-alleged and incorporated by reference as if fully set forth here.

### IV. EXECUTION OF THE SCHEME TO DEFRAUD

26.    On or about the dates set forth below,

**DAVID D. DEVIDO, R.Ph., and RICHARD ARTHUR EVANS, M.D.,**

defendants herein, aided and abetted by each other and others known and unknown, for the purpose of executing and attempting to execute the aforementioned scheme to defraud, and to obtain money and property by false pretenses, representations and promises, knowingly placed or

caused to be placed for delivery by the United States Postal Service, or other commercial mail carriers according to the directions thereon, to wit: money orders for payment for prescriptions written by **Richard Arthur Evans, M.D.,** for oxycodone hydrochloride products and other narcotic drugs, in Houston, Texas, and elsewhere, on or about the dates and amounts indicated on the money orders as further indicated below:

| COUNT | DATE | PATIENT | ISSUER | SERIAL NO. | AMOUNT |
|-------|------|---------|--------|------------|--------|
| 8 | 5-3-11 | S. C. | Western Union | 14-274516620 | $240.00 |
| 9 | 10-11-11 | C. M. | U.S. Postal Service | 19164141551 | $240.00 |
| 10 | 5-14-12 | J. B. | U.S. Postal Service | 50693467083 | $200.00 |
| 11 | 6-21-12 | W. E. | U.S. Postal Service | 19914199481 | $240.00 |

## COUNTS TWELVE THROUGH FIFTEEN
### (Mail Fraud)
### (18 U.S.C. §§ 1341 and 2)

## I.  INTRODUCTION

27.     The United States Attorney hereby adopts, re-alleges and incorporates by reference herein all the allegations set forth in Paragraphs 1 through 20 of Count One of this Indictment.

## II. THE SCHEME AND ARTIFICE TO DEFRAUD

28.     From on or about January 1, 2008, and continuing through about December 31, 2013, in the Southern District of Texas, and elsewhere,

**DAVID D. DEVIDO, R.Ph., and RICHARD ARTHUR EVANS, M.D.,**

defendants herein, aided and abetted by each other, did knowingly devise and intend to devise a scheme and artifice to defraud and for obtaining money and property from others by means of materially false and fraudulent material pretenses, representations and promises.

### III. MANNER AND MEANS OF THE SCHEME TO DEFRAUD

29.     Among the manner and means by which the defendants sought to accomplish and did accomplish the purpose of the scheme to defraud were the acts set forth in Paragraphs 1 through 20 of Count One of the Indictment, hereby re-alleged and incorporated by reference as if fully set forth here.

### IV. EXECUTION OF THE SCHEME TO DEFRAUD

30.     On or about the dates set forth below,

### DAVID D. DEVIDO, R.Ph. and RICHARD ARTHUR EVANS, M.D.

defendants herein, aided and abetted by others known and unknown, for the purpose of executing and attempting to execute the aforementioned scheme to defraud, and to obtain money and property by false pretenses, representations and promises, knowingly placed or caused to be placed for delivery by the United States Postal Service, or other commercial mail carriers according to the directions thereon, prescriptions drugs, to-wit; oxycodone HCL products prescribed by **Richard Evans, M.D.** from Houston, Texas, placed in the mail on or about the dates indicated below and addressed according to the directions thereon, to patients in Louisiana as further indicated below:

| COUNT | DATE | ADDRESSEE | DRUG(S) | DOSAGE | QTY |
|---|---|---|---|---|---|
| 12 | 5-5-11 | S. C. | Oxycodone | 30mg | 150 |
| | | | Hydrocodone/APAP | 10/325mg | 60 |
| | | | Carisoprodo | 350mg | 90 |
| | | | Diazepam | 10mg | 30 |
| 13 | 10-19-11 | C. M. | Oxycodone | 30mg | 180 |
| | | | Hydrocodone/APAP | 10/500 | 60 |
| | | | Carisoprodol | 350mg | 90 |
| | | | Diazepam | 10mg | 30 |
| 14 | 5-15-12 | J. B. | Oxycodone | 30mg | 180 |
| | | | Hydrocodone/APAP | 10/500 | 60 |
| | | | Carisoprodol | 350mg | 90 |
| | | | Diazepam | 10mg | 60 |
| 15 | 6-25-12 | W. E. | Oxycodone | 15mg | 60 |
| | | | Oxycodone | 30mg | 180 |
| | | | Carisoprodol | 350mg | 90 |

## COUNTS SIXTEEN THROUGH NINETEENTH
### (Health Care Fraud- False Claims Related to Providing Medications)
### (18 U.S.C. § 1347)

31.   The grand jury re-alleges paragraphs 1 through 20 of Count One of the Indictment which are incorporated herein by reference as if fully stated.

### EXECUTION OF THE SCHEME

32.   Beginning on or about January 1, 2010 and continuing thereafter to on or about December 31, 2013, in the Houston Division of the Southern District of Texas, the defendant,

### DAVID D. DEVIDO, R.Ph.

did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud a health care benefit program and to obtain by means of material false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control

11

of a health care benefit program in connection with the delivery of and payment for health care benefits, items, and services: that is, on or about the below listed dates, the defendant submitted false and fraudulent claims to insurance companies for prescription drugs for alleged treatment for pain management, when he well knew or should have known, that said patients were requesting prescriptions drugs, to-wit; oxycodone products, outside the course of professional practice and not for a legitimate medical purpose, all as further described below:

| COUNT | PATIENT INITIALS | DATE OF SERVICE | INSURANCE COMPANY | AMOUNT BILLED |
|---|---|---|---|---|
| 16 | D. G. | 12-2-10 | Humana | $1,025.66 |
| 17 | D. G. | 1-27-11 | Humana | $1,025.66 |
| 18 | E. G. | 9-13-11 | Humana | $   64.30 |
| 19 | J. B. | 8-31-11 | Silverscript | $  114.16 |

In violation of Title 18, United States Code, Section 1347.

### COUNTS TWENTY THROUGH TWENTY-FOUR
#### (Money Laundering)
#### (Title 18 U.S.C. §§ 1957 and 2)

33.     On or about the dates set forth below, in the Houston Division of the Southern District of Texas, and elsewhere, and within the jurisdiction of this court,

### RICHARD ARTHUR EVANS, M.D.

defendant herein, aided and abetted by persons known and unknown, did knowingly engage and attempt to engage in the following monetary transactions by, through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000; that is, the deposit, withdrawal, transfer or exchange of U.S. currency, funds, or monetary instruments, such property having been derived from a specified unlawful

activity; that is, distributing Schedule II controlled substances, namely, oxycodone products, outside the course of professional practice and not for a legitimate medical purpose:

| COUNT | DATE | CHECK NO. | AMOUNT | MONETARY TRANSACTION |
|-------|------|-----------|--------|----------------------|
| 20 | 10-17-11 | 1050 | $14,439.00 | deposit to Raymond James IRA |
| 21 | 10-18-11 | 1055 | $15,000.00 | deposit to Raymond James IRA |
| 22 | 12-07-11 | N/A | $64,000.00 | withdrawal at Amegy Bank |
| 23 | 12-07-11 | N/A | $59,000.00 | withdrawal at Amegy Bank |
| 24 | 12-07-11 | N/A | $48,663.44 | withdrawal at Amegy Bank |

## NOTICE OF CRIMINAL FORFEITURE

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461, upon conviction of a violation of the offense charged in Count One and Counts Eight through Fifteen of the Indictment, notice is given to the defendants, **DAVID D. DEVIDO, R.Ph.** and **RICHARD ARTHUR EVANS, M.D.,** that the United States will seek to forfeit all property, real or personal, which constitutes or is derived from proceeds traceable to such violation.

Pursuant to Title 21, United States Code, Section 853(a), upon conviction of a violation of the offense charged in Counts Two through Seven of the Indictment, notice is given to the defendants, **DAVID D. DEVIDO, R.Ph.** and **RICHARD ARTHUR EVANS, M.D.,** that the United States of America will seek to forfeit:

(1)  all property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation; and

(2)  all property, used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

Pursuant to Title 18, United States Code, Section 982(a)(7), upon conviction of a violation of the offense charged in Counts Sixteen through Nineteen of the Indictment, notice is given to the defendant, **DAVID D. DEVIDO, R.Ph.**, that the United States of America will seek to forfeit all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to such violation.

Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of a violation of the offense charged in Counts Twenty through Twenty-four of the Indictment, notice is given to the defendant, **RICHARD ARTHUR EVANS, M.D.**, that the United States of America will seek to forfeit all property, real or personal, involved in such offense, and any property traceable to such property.

<u>Specific Property</u>

Defendants are notified that, upon conviction, the property subject to forfeiture includes, but is not limited to the following currency and money orders seized on or about September 13, 2012, from the office of the defendant, **RICHARD ARTHUR EVANS, M.D.**:

a.  USPS Money Order No. 50871841582 in the amount of $250;

b.  USPS Money Order No. 20465702864 in the amount of $240;

c.  USPS Money Order No. 20050126773 in the amount of $240;

d.  USPS Money Order No. 20186816962 in the amount of $240;

e.  USPS Money Order No. 20401863660 in the amount of $240;

14

f.  USPS Money Order No. 20186816951 in the amount of $240;

g.  USPS Money Order No. 20401862095 in the amount of $240;

h.  USPS Money Order No. 19510661046 in the amount of $240;

i.  USPS Money Order No. 19778985066 in the amount of $240;

j.  USPS Money Order No. 20103333480 in the amount of $240;

k.  USPS Money Order No. 20401863592 in the amount of $240;

l.  USPS Money Order No. 20310712018 in the amount of $240;

m.  USPS Money Order No. 20012944915 in the amount of $240;

n.  USPS Money Order No. 20103344987 in the amount of $240;

o.  USPS Money Order No. 18841595422 in the amount of $240;

p.  USPS Money Order No. 20383031812 in the amount of $240;

q.  USPS Money Order No. 20316532094 in the amount of $240;

r.  USPS Money Order No. 20128617753 in the amount of $240;

s.  USPS Money Order No. 20284411217 in the amount of $240;

t.  USPS Money Order No. 19971139241 in the amount of $240;

u.  USPS Money Order No. 20213949813 in the amount of $200;

v.  USPS Money Order No. 20284411127 in the amount of $200;

w.  MoneyGram Money Order No. R105041263767 in the amount of $240;

x.  MoneyGram Money Order No. R204169092314 in the amount of $240;

y.  MoneyGram Money Order No. R204272556532 in the amount of $240;

z.  MoneyGram Money Order No. R204251030258 in the amount of $240;

aa. MoneyGram Money Order No. R104288911155 in the amount of $240;

bb. MoneyGram Money Order No. R204200173991 in the amount of $200;

15

cc. MoneyGram Money Order No. R204200173980 in the amount of $200;

dd. MoneyGram Money Order No. R204180898691 in the amount of $240;

ee. Chase Money Order No. 9069203898 in the amount of $240;

ff. Chase Money Order No. 9468505525 in the amount of $240;

gg. National Express Money Order No. 1000006550 in the amount of $240;

hh. Western Union Money Order No. 14-547137460 in the amount of $240;

ii. Western Union Money Order No. 14-575085654 in the amount of $240;

jj. Western Union Money Order No. 47-012931183 in the amount of $240;

kk. Western Union Money Order No. 14-457825674 in the amount of $240;

ll. Western Union Money Order No. 14-512724475 in the amount of $200;

mm. Western Union Money Order No. 14-500962541 in the amount of $240; and

nn. approximately $8,064.42 in United States currency.

### Money Judgment

Defendants are notified that, upon conviction, a money judgment payable to the United States of America may be imposed in an amount equal to the total value of the property subject to forfeiture for which the defendants may be jointly and severally liable.

### Substitute Property

If any of the property described above, as a result of any act or omission of any of the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p) and as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A True Bill

ORIGINAL SIGNATURE ON FILE
Foreperson of the Grand Jury

KENNETH MAGIDSON
UNITED STATES ATTORNEY

Cedric L. Joubert
Assistant United States Attorney